## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC GOLDEN, #B05324, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00855-NJR |
| | ) | |
| IAN COX, | ) | |
| CHARLES W. HECK, and | ) | |
| MARCUS MYERS, SR., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Eric Golden, an inmate of the Illinois Department of Corrections currently incarcerated at Western Illinois Correctional Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Golden asserts First and Fourteenth Amendment claims related to events that occurred at Pontiac Correctional Center and Pinckneyville Correctional Center. He seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff brings this action against Ian Cox, an internal affairs officer at Pontiac, and Charles W. Heck and Marcus Myers, Sr., adjustment committee members at Pinckneyville. Plaintiff alleges that he was wrongly accused and found guilty of unauthorized leadership and organizational security

1

threat group ("STG") activity when he was simply communicating by telephone with a person who is a former member of his religion. He alleges Cox wrote him the disciplinary ticket and Heck and Myers found him guilty despite overwhelming evidence in his favor. He alleges this violated his rights to "freedom of religion, freedom of expression, freedom to assemble, and freedom to associate" and resulted in unlawful confinement and revocation of privileges. Following the disciplinary proceedings, he received 4 months C grade, 4 months segregation, revoke GCC or SGT 2 months, disciplinary transfer, 4 months commissary restriction, and 6 months contact visits restriction.

Based on the allegations in the Complaint, the Court finds it convenient to divide this action into the following counts:

**Count 1:** **First Amendment claim against the Defendants for disciplining Plaintiff for STG activity when he was actually communicating with an individual who is a former member of his religion.**

**Count 2:** **Fourteenth Amendment claim against Cox for issuing a false disciplinary ticket and Heck and Myers for finding Plaintiff guilty of the false disciplinary ticket despite overwhelming evidence in his favor.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]**

<u>Discussion</u>

*Count 1*

Plaintiff claims his First Amendment rights were violated because he was disciplined for

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

STG activity when he was actually communicating with an individual who is a former member of his religion. This threadbare, conclusory allegation is insufficient to state a claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). Count 1 is, therefore, dismissed without prejudice.

### *Count 2*

Plaintiff's claim that he was issued and found guilty of a false disciplinary ticket fails to state a claim. Standing alone, the receipt of a false disciplinary ticket does not give rise to a due process violation. This is because "due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses[,] [and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report." *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir. 1995) (citations omitted); *see also Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984).

In order to state a procedural due process claim under the Fourteenth Amendment, Plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The right to due process is triggered only when a protected interest is at stake. A court analyzing this claim in the context of prison disciplinary hearings must consider (1) whether there was a protected interest at stake that necessitated due process protections, and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id*.

Plaintiff alleges that he was found guilty despite overwhelming evidence in his favor and refers the Court to the exhibits attached to his Complaint. To satisfy due process, the decision of the adjustment committee must be supported by "some evidence." *Black v. Lane,* 22 F.3d 1395 (7th Cir. 1994). Even a meager amount of supporting evidence is sufficient. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007). The exhibits Plaintiff references demonstrate some evidence to support the decision of the adjudgment committee. Plaintiff has not alleged any other deficiencies with regard to the disciplinary hearing.

Further, Plaintiff's allegation that he was demoted to C-grade and was subject to commissary and contact visit restriction does not give rise to a protected liberty interest. *See Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases) (there is no protected liberty interest implicated in demotion to C-grade status or loss of certain privileges); *Overton v. Bazzetta*, 539 U.S. 126, 136 (2003) (withdrawal of visitation privileges for a limited period of time as a disciplinary measure is not a dramatic departure from accepted standards for conditions of confinement). Additionally, absent any indication that Plaintiff endured an "atypical and significant hardship" in segregation, no liberty interest arises from placement in segregation for four months. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Beamon v. Pollard,* 711 F. App'x 794, 795 (7th Cir. 2018) (four months in segregation does not implicate a protected liberty interest). To the extent Plaintiff alleges he lost any good conduct credit, that claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Edwards v. Balisok*, 520 U.S. 641 (1997) (section 1983 claim is barred if it would imply the invalidity of a disciplinary decision revoking good conduct credit unless the disciplinary action has been reversed).

For the reasons stated, Count 2 is dismissed without prejudice.

## Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655).

Plaintiff provided proof that he has contacted one attorney in an effort to obtain counsel on his own. The Court finds Plaintiff has not demonstrated reasonable efforts to obtain counsel on his own before seeking the Court's assistance. The Motion for Recruitment of Counsel (Doc. 3) is, therefore, denied. Plaintiff may renew his request for the recruitment of counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least two additional attorneys to prove that he has made reasonable efforts to obtain counsel on his own.

## Disposition

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **December 19, 2019**. Should Plaintiff decide to file a First Amended

Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. The First Amended Complaint should comply with Rule 8 and *Twombly* pleading standards.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff decides to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00855-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank

civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 14, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**