IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC GOLDEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-855-NJR ) |
| IAN COX, CHARLES W. HECK, and MARCUS MYERS, SR., | ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Plaintiff Eric Golden, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Western Illinois Correctional Center ("Western"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's original Complaint was dismissed without prejudice for failure to state a claim, but he was granted leave to file an Amended Complaint (Doc. 12). In his First Amended Complaint (Doc. 13), Plaintiff alleges the defendants violated his First and Fourteenth Amendment rights when they disciplined him for communicating with a member of his religious organization. Plaintiff seeks declaratory judgment and monetary damages.

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

1

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint: On February 12, 2019, while at Pinckneyville Correctional Center ("Pinckneyville"), Plaintiff received a disciplinary ticket from Ian Cox at Pontiac Correctional Center ("Pontiac"). He asked why an officer at another institution was writing him a ticket and was told that it was because of a phone call that he made. Plaintiff maintains that the call was for religious purposes and not for security threat group ("STG") activity.

On February 18, 2019, Plaintiff went before the adjustment committee which included Charles Heck and Marcus Myers, Sr. (Doc. 13, p. 8). He informed the committee members that he had just settled a lawsuit for the very same thing, being punished as a STG when he was actually practicing his religion (*Id*. at pp. 8-9). He also provided the members with materials for the Morrish Science Temple of America to demonstrate that he was actually practicing his religion (*Id*.). Heck and Myers stated that they would have to speak with Internal Affairs before making their decision but on February 24, 2019, they found Plaintiff guilty of guilty of STG activity (*Id*. at p. 9).

## Discussion

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** **First Amendment claim against the Defendants for disciplining Plaintiff for STG activity when he was actually communicating with an individual of his religion.**
>
> **Count 2:** **Fourteenth Amendment equal protection claim against Defendants for intentionally discriminating against him by disciplining him for STG activity.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Count 1

At this early stage, the Court finds that Plaintiff states a viable claim for violation of his First Amendment rights. Plaintiff alleges that the defendants punished him for STG activity that was actually religious activity. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Further factual development will be necessary to determine whether Plaintiff's actions constituted protected religious activity or whether Plaintiff's claims might be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because he alleges he lost good time credits as part of his punishment. Because Plaintiff seeks only monetary damages from the defendants in their individual capacities, all intended official capacity claims against the defendants are **DISMISSED without prejudice**.

### Count 2

To the extent Plaintiff also alleges Defendants violated his equal protection rights under the Fourteenth Amendment by issuing a disciplinary ticket and finding him guilty of STG activity, he fails to state a claim. Plaintiff offers no more than conclusory statements that the defendants "intentionally discriminated" against him and that his equal protection rights were violated. Because Plaintiff offers no more than conclusory statements, Count 2 is **DISMISSED without prejudice**. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Disposition**

For the reasons stated above, Count 1 shall proceed against Ian Cox, Charles W. Heck, and Marcus Myers, Sr. Count 2 is **DISMISSED without prejudice** for failure to state a claim.

The Clerk of Court shall prepare for Defendants Ian Cox, Charles W. Heck, and Marcus Myers, Sr.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/11/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your amended complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**