IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC GOLDEN, #B-05324 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-855-RJD |
| | ) |
| IAN COX, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983. Plaintiff alleges that Defendants Ian Cox, Marcus Myers, Sr., and Charles Heck violated his First Amendment rights at Pinckneyville Correctional Center (Doc. 14). This matter comes before the Court on Defendants' Motion for Summary Judgment (Docs. 39 and 40). Plaintiff responded (Doc. 44) and Defendants filed a Reply (Doc. 47). Defendants' Motion is DENIED.

**UNDISPUTED MATERIAL FACTS**

On February 11, 2019, Plaintiff received a disciplinary report at Pinckneyville Correctional Center. The report states that from May-August 2018, Plaintiff made calls to a member/leader of the Black P. Stones security threat group. The report further states that Plaintiff is a member/leader of the Black P. Stones security threat group, and in those phone calls Plaintiff and the recipient discussed "the removal of the Gangster Stones from the Black P. Stones" as well as promoting another inmate to the position of assistant grand sheikh. Plaintiff submitted and fully

exhausted a grievance to the grievance officer at Pinckneyville and the Administrative Review Board regarding the disciplinary action.

At his deposition, Plaintiff testified that the statements for which he was disciplined were all made in reference to his religion (Moorish Muslim) and his temple (Moorish Hajar Temple). Therefore, Plaintiff contends, he was punished for religious activity and therefore his First Amendment rights were violated.

## Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). To do so, the moving party must:

> …cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or show… that the materials cited do not establish the…presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c). The Court can only consider evidence that would be admissible at trial when determining whether summary judgment should be granted. *Gunnville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009).

## Discussion

Defendants' Motion for Summary Judgments contains multiple arguments, none of which are properly supported by undisputed material facts. First, Defendants argue that Plaintiff's telephone calls were not protected by the First Amendment because Plaintiff was speaking with a

member of a security threat group ("STG"), the Black P. Stones.  Defendants point the Court to the abstract of a journal article written in 1996 regarding the Black P. Stone Nation that does not link Plaintiff or the individual on the phone to the group.  Defendants also point the Court to Plaintiff's disciplinary report, but the information in that report is disputed.  The author of the report writes that Plaintiff is a member of the Black P. Stones and that he was speaking with another member regarding STG affairs.  Plaintiff testified at his deposition that the report is erroneous, that he believes IDOC has incorrectly associated the Black P. Stones with the Moorish Hajar Temple (to which he belongs) and the report simply contains some statements made during his phone calls with a childhood friend who also identifies as a Moorish Muslim and they discussed leadership at their temple (Doc. 40-5, p. 27, 33).  Clearly, a genuine issue of material fact exists regarding whether Plaintiff was discussing gang activity with a fellow member of a security threat group.

      Next, Defendants argue that even if Plaintiff was engaged in a First Amendment activity during the phone calls, he was disciplined for discussing a security threat group, not for making statements about his religion.  Defendants presented no affidavits from themselves upon which the Court could rely regarding their motivations while investigating/disciplining Plaintiff for the phone calls.  Again, Defendants simply point the Court to Plaintiff's disciplinary report, which Plaintiff testified under oath is incorrect.  Moreover, it is unclear at this time whether written statements made in the report by the report's author (not Plaintiff) regarding Plaintiff's affiliation to the STG will be admissible at trial for multiple reasons, e.g., hearsay, foundation.  In sum, Defendants failed to support this argument with sufficient and admissible evidence regarding the reason why Defendants disciplined Plaintiff.

      Defendants also contend that they are entitled to qualified immunity.  Because the record

before the Court "taken in the light most favorable to Plaintiff, describe[s] a violation of a constitutional right," this argument is not persuasive. *Smith v. Finkley*, 10 F.4th 725, 737 (7th Cir. 2021).

Finally, Defendants contend that Plaintiff's claims against them should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the rule of *Heck*, a civil rights suit cannot be maintained by a prisoner if a judgment in his favor would "necessarily imply" that his conviction was invalid. *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011). A prison disciplinary action that results in the revocation of good conduct credits is the equivalent of a conviction or sentence for *Heck* purposes, and claims that necessarily imply the invalidity of the loss of good conduct credits are not cognizable under §1983 unless the prison disciplinary decision has been invalidated. *Id*.

Defendants did not address in their Statement of Undisputed Material Facts whether Plaintiff lost good conduct credits because of the disciplinary proceedings at issue in this case. Counsel for Defendants did not ask Plaintiff at his deposition whether he lost good conduct credits. The Court reviewed all documents submitted by Defendants and found only one notation that supports this argument. In the final report regarding Plaintiff's purported STG phone calls, Plaintiff's disciplinary actions are listed and one action is "Revoke GCC or SGT 2 months" (Doc. 40-4, p. 3). Defendants did not submit an affidavit or other evidence that explains what "GCC" means. Plaintiff apparently was never asked to admit or deny whether loss of good conduct credit was part of his discipline for the purported STG calls. Plaintiff did, however, allege in his original Complaint that he lost "GCC or SGT 2 months" but also did not define it. As the record currently stands, the Court will not presume that "GCC" means good conduct credit. Because Defendants have not met their burden for summary judgment, their Motion is DENIED.

At the same time, however, the Court is reluctant to impanel a jury for claims that may be barred by *Heck*. Plaintiff did not respond to the *Heck* argument raised in Defendants' Motion. Pursuant to Federal Rule of Civil Procedure 56(f), and on or before October 27, 2022, Plaintiff shall file his objections to dismissing this matter with prejudice based upon *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff shall provide the Court with his position on the following issues:

1) Whether he lost good conduct credit as a result of the Adjustment Committee's final report issued on April 26, 2019 (attached to this Order as Exhibit A);

2) Whether the Adjustment Committee's final decision (as reflected in Exhibit A) has ever been invalidated.

3) Any other legal or factual issues that are relevant to whether Plaintiff's claims in this matter are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff is advised that his failure to provide his objections on or before October 27, 2022 will result in this matter being DISMISSED WITH PREJUDICE. Within fourteen (14) days of Plaintiff filing his Objections, Defendants shall file a Response.

**IT IS SO ORDERED.**

**DATED:   September 27, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**