IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC GOLDEN, #B-05324                )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )          Case No. 19-cv-855-RJD
                                     )
IAN COX, et al.,                     )
                                     )
        Defendants.                  )
                                     )

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. 49).

Plaintiff, currently incarcerated within the Illinois Department of Corrections, filed this lawsuit

pursuant to 42 U.S.C. §1983.   Following the Court's threshold review conducted pursuant to 28

U.S.C. §1915A, Plaintiff's case proceeded on one claim against Defendants Ian Cox, Marcus

Myers, Sr., and Charles Heck.   Plaintiff alleged that Defendants levied discipline against him for

making statements regarding his religion, although a report reflected that the disciplinary action

was related to Plaintiff's involvement with a security threat group.

Plaintiff's Motion for Reconsideration requests clarification regarding the damages he is

seeking against Defendants.   In his First Amended Complaint, Plaintiff asked the Court to award

him monetary damages from each defendant in their personal and official capacities.   The requests

for monetary damages against Defendants in their official capacities did not survive the threshold

review because Defendants in their official capacities are not "persons" within the meaning of

§1983 statute.   *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).   The Court dismissed

Plaintiff's intended claims against Defendants in their official capacities without prejudice.

However, Plaintiff also asked for "declaratory damages" in his Complaint and the Court construed that request as one for declaratory judgment (see Doc. 14), which is proper against a Defendant in his/her official capacity in a §1983 suit.   At this stage in the case, however, the Court is not inclined to allow Plaintiff to proceed with a request for declaratory judgment against Defendants in their official capacities because it appears that such a claim (like Plaintiff's requests for compensatory damages) necessarily implicates *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, Plaintiff cannot maintain his civil rights claim against Defendants if a judgment in his favor would "necessarily imply" that his prison disciplinary action was invalid.  *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011).   For the reasons set forth in the Order found at Doc. 56,   the Court has ordered Plaintiff to file his objections to dismissing this entire case with prejudice based upon *Heck v. Humphrey*, 512 U.S. 477 (1994).   Plaintiff's Motion for Reconsideration is therefore DENIED WITHOUT PREJUDICE.   Plaintiff may renew his Motion for Reconsideration if the case proceeds after the Court's resolution of whether Plaintiff's claims are barred by *Heck v. Humphrey*.

**IT IS SO ORDERED.**

**DATED:   9/27/2022**

/s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**