IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC GOLDEN, #B-05324, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-855-RJD |
| IAN COX, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections, filed this lawsuit *pro se* pursuant to 42 U.S.C. §1983.  While incarcerated at Pinckneyville Correctional Center, Plaintiff received a disciplinary report that referenced calls made by Plaintiff to an alleged member/leader of the Black P. Stones security threat group (Doc. 40-2).   The report further states that Plaintiff is a member/leader of the Black P. Stones security threat group, and in those phone calls Plaintiff and the recipient discussed "the removal of the Gangster Stones from the Black P. Stones" as well as promoting another inmate to the position of assistant grand sheikh (*Id*.).   At his deposition, Plaintiff testified that the statements for which he was disciplined were all made in reference to his religion and his temple (Doc. 40-5, pp. 26, 32, 35, 37, 40).   Therefore, Plaintiff contends, he was punished for religious activity in violation of the First Amendment.

As an affirmative defense, Defendants all claimed that Plaintiff's claims against them should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).   Under the rule of *Heck*, a civil rights suit cannot be maintained by a prisoner if a judgment in his favor would "necessarily

imply" that his conviction was invalid. *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011). A prison disciplinary action that results in the revocation of good conduct credits is the equivalent of a conviction or sentence for *Heck* purposes, and claims that necessarily imply the invalidity of the loss of good conduct credits are not cognizable under §1983 unless the prison disciplinary decision has been invalidated. *Id.*

Defendant Ian Cox investigated and prepared Plaintiff's disciplinary report (Doc. 40-2). Defendants Myers and Heck were members of the hearing committee who ultimately recommended that Plaintiff be disciplined for the remarks he made during the telephone calls (Doc. 40-3). The Warden agreed with their recommendations, including to "revoke GCC or SGT 2 months" (*Id.*). The undersigned, having heard a fair number of §1983 cases involving prison conditions, is generally aware that "GCC" is an acronym for good conduct credit.

Defendants apparently never conducted any investigation or discovery regarding their *Heck* defense but nonetheless raised the *Heck* argument in their Motion for Summary Judgment. Not surprisingly, they were unable to support their argument with appropriate references to the record. For example, they argued that "Plaintiff was found guilty of these offenses by the Adjustment Committee and he received discipline, including revocation of two months of good conduct credit" and then cited to "UMF 9." However, there was no undisputed material fact regarding the loss of conduct credit in Defendants' motion.

Unable to grant Defendants' summary judgment motion because it did not comply with Rule 56, and unwilling to empanel a jury for claims barred by *Heck*, the undersigned ordered (pursuant to Rule 56(f)) Plaintiff to file objections to dismissing this matter with prejudice based upon *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff complied with the Order, explaining that in fact the prison review board had ultimately declined to revoke his good conduct credits. Two weeks later,

Defendants finally moved to withdraw their *Heck* defense.

Defendants' *Heck* argument never belonged in their motion for summary judgment. Counsel is reminded of Federal Rule of Civil Procedure 11(b).  Defendants' Motion to Withdraw is GRANTED.

**IT IS SO ORDERED.**

**DATED:   October 25, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**