IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC GOLDEN, #B-05324 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-855-RJD |
| | ) |
| IAN COX, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983. Plaintiff alleges that Defendants Ian Cox, Marcus Myers, Sr., and Charles Heck violated his First Amendment rights at Pinckneyville Correctional Center by disciplining him for security threat group activity when he was actually communicating with an individual regarding his religion (Doc. 14). This matter comes before the Court on Motions in Limine Filed by Plaintiff (Docs. 82-87), to which Defendants filed a Response (Doc. 95). Defendants also filed Motions in Limine (Doc. 88), to which Plaintiff filed Responses (Doc. 92, 93, and 94).

**Plaintiff's Motions in Limine (Docs. 82-87)**

   **1. Evidence regarding Plaintiff's criminal convictions (Doc. 82)**

Plaintiff asks the Court to bar any references to his prior criminal convictions and the 40-year sentence he is currently serving. In a civil case, evidence of a witness's criminal conviction must be admitted for the purpose of attacking the witness's character for truthfulness if the

conviction was punishable by death or imprisonment for more than one year. Fed. R. Evid. 609(a)(1)(a).   However, the Court may exclude evidence of the conviction if "its probative value is substantially outweighed by a danger of…unfair prejudice." Fed. R. Evid. 403.

At the time of the events in question, Plaintiff was serving a 40-year sentence on a murder-for-hire conviction.   Plaintiff argues that he will be unfairly prejudiced if the jury knows the nature of his crime, and the Court is inclined to agree.   Of course, the jury will know that Plaintiff was incarcerated at Pinckneyville.   In §1983 cases involving conditions of confinement, the undersigned typically allows the jury to hear that the plaintiff was convicted of a felony for which he was incarcerated at the time of the events in question, but does not allow the jury to hear about the particular crime (unless the crime is particularly probative of the plaintiff's truthfulness, and he is testifying).   Defendants object to Plaintiff's motion in limine, but provide no justification for the undersigned to deviate from typical practice.   Plaintiff's Motion in Limine No. 1 is GRANTED IN PART AND DENIED IN PART.   For purposes of impeachment, Defendants may introduce evidence that Plaintiff was convicted of a felony for which he was incarcerated at the time of the events in question, but may not introduce evidence of the specific crime or the length of Plaintiff's sentence.

2. **Shackles and prison uniform (Doc. 83)**

Plaintiff asks that the Court allow him to wear plain clothes (not his prison uniform) and be restraint-free during trial.   Plaintiff's Motion in Limine No. 2 is GRANTED IN PART AND DENIED IN PART.   The Court will allow Plaintiff to wear plain clothes and will also attempt to prevent the jury from seeing any restraints on Plaintiff; if possible, the Court will not ask Plaintiff to move from the plaintiff's table in the presence of the jury.   The Court will otherwise defer to the Illinois Department of Corrections, the U.S. Marshals Service, and courtroom security officers

regarding necessary restraints.

### 3. Qualified immunity (Doc. 84)

In their Motion for Summary Judgment (Doc. 39), Defendants argued that they were entitled to qualified immunity, which "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Henry v. Hulett*, 969 F.3d 769, 785 (7th Cir. 2020). Their Motion for Summary Judgment was denied (Doc. 56). Now, under the guise of a Motion in Limine, Plaintiff requests that the Court find Defendants' qualified immunity defense is "moot and should be dismissed." From a procedural standpoint, Plaintiff's request is more similar to a dispositive motion than a motion in limine, which "is a pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Empire Bucket, Inc. v. Contractors Cargo Co.*, 739 F.3d 1068, 1073 (7th Cir. 2014) (quoting Black's Law Dictionary 1109 (9th ed. 2009).

Even if the Court were to consider Plaintiff's request to "dismiss" Defendants' qualified immunity defense, the substance of Plaintiff's motion is not well-founded. Plaintiff argues that "the only remaining issues at trial are fact questions for the jury to address." The issue of qualified immunity can be raised at any time and is resolved by the judge. *Henry*, 969 F.3d at 786-87 (internal citations and quotations omitted); *Smith v. Finkley*, 10 F. 4th 725, 750 (7th Cir. 2021).

Plaintiff then asks the Court to bar "any evidence, testimony, or argument at trial relating to qualified immunity because the issue is for the Court." The Court does not anticipate defense counsel would argue to the jury that the defendants are entitled to qualified immunity any more than defense counsel would argue to the jury that a directed verdict should be entered. Plaintiff's Motion in Limine No. 3 is DENIED.

    **4. References to Plaintiff's Incarcerated Status (Doc. 85)**

Plaintiff asks that Defendants and their attorneys refrain from referring to Plaintiff as a "prisoner" or "inmate" or "felon" or "convict" at trial. Plaintiff also asks that Defendants and their attorneys refrain from referencing the security levels of Statesville, Pinckneyville, Western Illinois, and Danville Correctional Centers. Defendants have no objection to this motion, as long as Plaintiff does not "open the door" regarding these topics. Plaintiff's Motion in Limine No. 4 is GRANTED. The parties are reminded that rulings in limine may be revisited at trial. *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013) (*citing Luce v. U.S.*, 469 U.S. 38, 41-42 (1984)).

    **5. Plaintiff's other lawsuits (Doc. 86)**

Defendants have no objection to this Motion, which asks that Defendants and their counsel refrain from mentioning Plaintiff's other lawsuits. Plaintiff's Motion in Limine No. 5 is GRANTED.

    **6. Dismissed claims (Doc. 87)**

Plaintiff's First Amended Complaint contained a 14th Amendment claim against Defendants, and he also alleged that Defendants were liable in their official capacities. Those claims were previously dismissed by the Court. Plaintiff asks that Defendants refrain from mentioning those claims at trial, and Defendants have no objection. Plaintiff's Motion in Limine No. 6 is GRANTED.

**Defendants' Motions in Limine (Doc. 88)**

    **1. Illinois Administrative Code and IDOC Administrative and Institutional Directives**

Defendants ask the Court to bar evidence of the Illinois Administrative Code and IDOC

Administrative and Institutional Directives. Plaintiff objects. At the final pretrial conference, Plaintiff's counsel explained that Plaintiff seeks to admit certain IDOC regulations and directives in order to "set forth what [Defendants] were supposed to do in evaluating whether or not [an inmate] has a protected religious interest." The directives and regulations are *not* admissible for that purpose; a defendant's violation of department regulations or even state law "is completely immaterial as to the question of whether a violation of the federal Constitution has been established" in a §1983 claim. *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th 2006); *see also Williams v. Shah*, 927 F.3d 476, 483 (7th Cir. 2019) ("section 1983 protects plaintiffs from constitutional violations, not violation of state law or departmental regulations" (*quoting Thompson*)).

However, Defendants have also listed certain directives in the parties' proposed exhibit list, explaining that they "may" need to introduce them into evidence. On a motion in limine, it is the movant's burden to establish that the evidence in question is not "admissible for any purpose." *Mason v. City of Chicago*, 631 F. Supp.2d 1052, 1056 (N.D. Ill. 2009). Because Defendants contemplate the IDOC regulations and directives may be relevant at trial, the Court will not bar them in limine. If one of the parties attempts to admit them into evidence at trial, the Court will consider their relevancy in context of other evidence presented. Defendants' Motion in Limine No. 1 is DENIED.

### 2. Defendants' alleged violation of Plaintiff's 14th Amendment Rights

Defendants ask that the Court prohibit Plaintiff from presenting evidence regarding Defendants' alleged violations of Plaintiff's 14th Amendment rights (a claim that was pled in Plaintiff's First Amended Complaint and later dismissed), or any constitutional right other than the First Amendment. Plaintiff has no objection. Defendants' Motion in Limine No. 2 is

GRANTED.

### 3. Indemnification of Defendants

Defendants move to bar evidence or reference to the State of Illinois potentially indemnifying Defendants in this matter. Plaintiff has no objection. Defendants' Motion in Limine No. 3 is GRANTED.

### 4. Other lawsuits involving Defendants

Defendants request that no evidence be presented regarding other lawsuits against Defendants. Plaintiff does not object. Defendants' Motion in Limine No. 4 is GRANTED.

### 5. Previous misconduct by Defendants

Defendants ask the Court to exclude all evidence of complaints, reports, or inquiries made regarding allegations of misconduct by Defendants. Plaintiff objects to this motion, but has no such evidence at this time. Plaintiff's counsel explained at the final pretrial conference that they intend to ask Defendants about whether they have ever been named in a lawsuit involving similar allegations. Such questioning would violate the order on Motion in Limine No. 4.

In any event, the record before the Court currently reflects no previous misconduct by Defendants. To the extent prior misconduct by Defendants occurred or allegedly occurred (other than in a lawsuit involving Defendants) and is brought up at trial, the Court is currently unable to evaluate whether such evidence is admissible for any purpose and therefore Defendants' Motion in Limine No. 5 is DENIED.

### 6. Golden rule appeal

Defendants request that the Court bar Plaintiff from asking the jury to put themselves in Plaintiff's position. Plaintiff has no objection. Defendants' Motion in Limine #6 is GRANTED.

### 7. Plaintiff's grievances

Defendants ask that none of Plaintiff's grievances be admitted because they are hearsay. Plaintiff contends that his grievances are admissible for two purposes. First, Plaintiff argues that the grievances show he was sincere about his religious beliefs, because immediately after he was disciplined he submitted grievances regarding the disciplinary report and hearing. Plaintiff may testify that he submitted grievances after he received the disciplinary ticket, but the Court will not admit the actual grievances to bolster Plaintiff's testimony.

Plaintiff submitted two grievances regarding his religion prior to the events at issue in this case. He argues those grievances should be admitted to show that Defendants were aware of his religious affiliation. The Court cannot evaluate that argument because no evidence in the record reflects that Defendants were aware of the grievances. Defendant's Motion in Limine No. 7 is TAKEN UNDER ADVISEMENT and will be reevaluated in context of other evidence admitted at trial.

**IT IS SO ORDERED.**

**DATED:  May 10, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**